TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00775-CR







Rolando Guajardo, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0971465, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Appellant entered a plea of guilty before the trial court to the offense of possession
of a controlled substance, cocaine, in the amount of less than one gram. See Tex. Health & Safety
Code Ann. § 481.112(b) (West Supp. 1998). Punishment was assessed at confinement for two
years in a state jail facility, probated for a period of four years. Appellant's single point of error
complains of the trial court's denial of his pretrial motion to suppress. We will overrule
appellant's point of error and affirm the trial court's judgment.

 At about 8:45 p.m. on December 7, 1996, DPS troopers Keith Deramus and
Christopher Brannen stopped the vehicle appellant was driving for a defective headlight. As
Deramus approached appellant's vehicle, he smelled what he thought was burning marihuana. 
After appellant exited his vehicle and Deramus walked back toward the patrol car, he noted that
grass was burning under the patrol car. At this point he was not sure about the source of the odor. 
Brannen stated that he did not detect any odor.

 After advising appellant that he would receive a warning, a radioed license check
revealed no outstanding warrants. Deramus handed appellant the warning, appellant signed the
warning, and the officer asked appellant if he minded if they took a look inside his vehicle. 
Appellant agreed to the search, the search ensued, and a black plastic container was removed from
appellant's vehicle that contained marihuana residue. A bulge in appellant's pocket caused
Deramus to reach in appellant's pocket. A bag was removed that contained marihuana and a bottle
that appellant identified as containing cocaine.

 Neither the validity of the initial stop nor the fact that appellant possessed cocaine
are in dispute. Appellant contends that his detention legally terminated once he signed the written
traffic warning relating to the defective headlight. Davis v. State, 947 S.W.2d 240 (Tex. Crim.
App. 1997), relied on by appellant, involved the stopping of the defendant's vehicle for suspicion
of driving while intoxicated. Instead of allowing the defendant and his companion to proceed after
the officers determined that they were not intoxicated, the officers questioned each of them
separately. Appellant refused a request to search his vehicle. Believing that the answers of the
defendant and his companion were inconsistent, the officers told them they were free to leave but
their vehicle would be detained. Since the defendant's only means of visible transportation was
his vehicle, the court stated that the "officers were effectively depriving the defendant of his
liberty." Id. at 246. A canine unit was called to the scene and one of the dogs made a "positive
alert" at the vehicle's trunk. Inside the trunk the officers found a suitcase containing marihuana. 
The detention of the defendant was based upon the officer's belief that the defendant and his
companion were not on what they purported to be a business trip. The Court found this
conclusion was not based on articulable facts which, taken from reasonable inferences, would
warrant a man of reasonable caution in the belief that continued detention was justified. Id. at
245. The Court concluded that the purpose of the investigative detention was effectuated when
the officers determined the defendant was not intoxicated. Id. at 245.

 In a case with similar facts to the instant cause, the United States Supreme Court
stated the reasonableness requirement of the Fourth Amendment is measured in objective terms
by examining the totality of the circumstances. See Ohio v. Robinette, 136 L. Ed. 2d 347 (1996). 
The court remanded the case to the Ohio Supreme Court for further proceedings not inconsistent
with its opinion. Id. at 358. (1)

 In another case with facts similar to the instant cause, State v. Washington, 949
S.W.2d 354, 355-56 (Tex. App.--Tyler 1997, no pet.), the court applied the Robinette test in
concluding that the totality of the circumstances supported the voluntariness of the defendant's
consent to search. Shortly after observing Washington leaving a "known drug house,"
Washington was stopped for a traffic violation and issued a warning ticket. Washington consented
to a request by the officers to search his car. The search resulted in the seizure of marihuana in
a brown sack beneath the car seat. The court held that the trial court abused its discretion in
granting Washington's motion to suppress. Id. at 356.

 Unlike Washington, the trial court in the instant cause denied appellant's motion
to suppress. This Court's opinion in Roth v. State, 917 S.W.2d 292 (Tex. App.--Austin 1995,
no pet.), reviewed the role of an appellate court in considering the ruling of the trial court in a
motion to suppress hearing:


In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. . . . The
trial court resolves all conflicts in the testimony. An appellate court must view the
evidence in the light most favorable to the trial court's ruling at the suppression
hearing. If the trial court's findings are supported by the record, an appellate court
will not disturb the findings absent an abuse of discretion.



Id. at 299 (citations omitted).

 The instant case is similar to Washington in that the request to search immediately
followed the issuance of the traffic ticket. Another similarity between Washington and the instant
cause is that officers in both cases suspected the accused's connection to a controlled substance. 
The officer in Washington had observed the defendant leaving a "known drug house." The officer
in the instant cause smelled something that resembled burning marihuana. The instant cause is
stronger than Washington in that we must give deference to the trial court's ruling.

 We are not persuaded by appellant's argument that there was an unlawful detention
that was not sufficiently attenuated to permit a valid search. We find appellant's reliance on our
opinion in Roth to be misplaced. In Roth, it was undisputed that there was no request to enter the
house where the contraband was discovered nor was there an invitation by its occupants to make
such entry. Id. at 300.

 Viewing the entire record in this cause, we find nothing to controvert the State's
claim that appellant voluntarily consented to the search of his vehicle. Appellant's point of error
is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Jones and Davis*

Affirmed

Filed: October 8, 1998

Do Not Publish
















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The Ohio Supreme Court had held that the detention of Robinette became unlawful following
the officer's warning Robinette about speeding and returning his driver's license to him.



rcumstances supported the voluntariness of the defendant's
consent to search. Shortly after observing Washington leaving a "known drug house,"
Washington was stopped for a traffic violation and issued a warning ticket. Washington consented
to a request by the officers to search his car. The search resulted in the seizure of marihuana in
a brown sack beneath the car seat. The court held that the trial court abused its discretion in
granting Washington's motion to suppress. Id. at 356.

 Unlike Washington, the trial court in the instant cause denied appellant's motion
to suppress. This Court's opinion in Roth v. State, 917 S.W.2d 292 (Tex. App.--Austin 1995,
no pet.), reviewed the role of an appellate court in considering the ruling of the trial court in a
motion to suppress hearing:


In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. . . . The
trial court resolves all conflicts in the testimony. An appellate court must view the
evidence in the light most favorable to the trial court's ruling at the suppression
hearing. If the trial court's findings are supported by the record, an appellate court
will not disturb the findings absent an abuse of discretion.



Id. at 299 (citations omitted).

 The instant case is similar to Washington in that the request to search immediately
followed the issuance of the traffic ticket. Another similarity between Washington and the instant
cause is that officers in both cases suspected the accused's connection to a controlled substance. 
The officer in Washington had observed the defendant leaving a "known drug house." The officer
in the instant cause smelled something that resembled burning marihuana. The instant cause is
stronger than Washington in that we must give deference to the trial court's ruling.

 We are not persuaded by appellant's argument that there was an unlawful detention
that was not sufficiently attenuated to permit a valid search. We find appellant's reliance on our
opinion in Roth to be misplaced. In Roth, it was undisputed that there was no request to enter the
house where the contraband was discovered nor was there an invitation by its occupants to make
such entry. Id. at 300.

 Viewing the entire record in this cause, we find nothing to controvert the State's
claim that appellant voluntarily consented to the search of his vehicle. Appellant's point of error
is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice